IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WI HOLDINGS, INC. d/b/a WELDSHIP CORPORATION and TEXAS TRAILER CORPORATION, <br>     Plaintiffs, <br><br> v. <br><br> NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, Pa., <br>     Defendant. | § § § § § § § § § § § | CIVIL ACTION NO. _____ |

## N<small>OTICE OF</small> R<small>EMOVAL</small>

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") files this notice of removal, showing the following grounds for removal:

1.  National Union is a defendant in a civil action pending in the 101st Judicial District Court in Dallas County, Texas, styled *WI Holdings, Inc. d/b/a Weldship Corporation and Texas Trailer Corporation v. National Union Fire Insurance Company of Pittsburgh, Pa.*; Cause No. DC-15-06742. A true and correct copy of the state court's docket, including all process, pleadings and orders served upon National Union in the state court action is filed with this notice as required by 28 U.S.C. §1446(a) and Local Rule CV-81.1, and attached hereto as Exhibits "A" through "F."

2.  This action commenced on June 12, 2015. National Union first received citation and the petition on June 24, 2015 when it was served upon its registered agent. Therefore, this notice of removal is timely filed under 28 U.S.C. §1446(b) within thirty (30) days of receipt of the initial pleading setting forth the claim for relief and summons.

3. The United States District Court has original jurisdiction over this action based upon diversity of citizenship between the parties, as explained below. Defendant National Union is now, and was at the time the action commenced, diverse in citizenship from plaintiff Texas Trailer Corporation. Defendant National Union is a Pennsylvania corporation and is presently domiciled in New York and was domiciled there at the time this action was commenced. *See* Exhibit B at ¶4. National Union was at that time, and is now, a citizen of the states of Pennsylvania and New York. Plaintiff Texas Trailer Corporation ("Texas Trailer") is a corporation with its principal place of business in Texas and was domiciled there at the time this action was commenced. *See* Exhibit B at ¶3. Texas Trailer was at that time, and is now, a citizen of the state of Texas.

4. National Union contends that plaintiff WI Holdings, Inc. d/b/a Weldship Corporation ("WI Holdings") has been fraudulently joined in this action to prevent removal based upon diversity jurisdiction. When determining if a case is properly removed based on diversity, a court may ignore non-diverse parties that have been fraudulently or improperly joined. *See* 28 U.S.C. §1359; *Smallwood v. Illinois Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). The fraudulent joinder doctrine may be applied when a defendant claims that a plaintiff has been fraudulently joined. *See, e.g., Miller v. Giesecke & Devrient America, Inc.*, 2007 WL 518557 (N.D. Tex. Feb. 20, 2007) (not published); *Elk Corp. of Tx. v. Valmet Sandy-Hill*, 2000 WL 303637 *2-3 (N.D. Tex. March 22, 2000) (not published); *Nelson v. St. Paul Fire & Marine Ins. Co.*, 897 F.Supp. 328, 331 (S.D. Tex. 1995); *Clear Channel Communications, Inc. v. Citigroup Global Markets, Inc.*, 541 F.Supp.2d 874 (W.D. Tex. 2008); *see also In Re Benjamin Moore & Co.*, 318 F.3d 626, 630-31 (5th Cir. 2002) (assuming, without deciding, that fraudulent joinder of plaintiffs is a viable theory).

5.      In applying the fraudulent joinder analysis to a non-diverse plaintiff, the focus is whether the non-diverse plaintiff has a reasonable possibility of recovery. *See Clear Channel Communications*, 541 F.Supp.2d at 878; *Nelson*, 897 F.Supp. at 331.  Here, plaintiff WI Holdings, Inc. has no standing to assert its claims against National Union, and therefore, has no possibility of recovery.

6.      Both plaintiffs allege they purchased and were issued the National Union policy made the basis of this lawsuit.  Ex. B at ¶10.  Only Texas Trailer, however, was sued in the underlying lawsuit for which coverage was sought.  *See id*. at ¶11.  Texas Trailer's defense was successful because the jury returned a verdict in its favor.  *Id*. at ¶16.  The plaintiffs seek coverage only for Texas Trailer's defense.  *See, e.g.,* Ex. B at ¶¶19, 27.  The plaintiffs' remaining claims, for declaratory relief and alleged bad faith, derive from National Union's alleged failure to defend Texas Trailer.  *Id.* at ¶¶22-31.

7.      Because WI Holdings was not sued in the underlying lawsuit, it would not have incurred any defense costs.  There are no allegations that WI Holdings incurred its own defense costs, that it was ever made a party to the Texas Trailer lawsuit, or that it paid for Texas Trailer's defense.  Instead, the petition cleanly describes the series of events made the basis of the plaintiffs' claims: Texas Trailer was sued, Sayles Werbner, PC was retained as defense counsel, the plaintiffs provided notice of the lawsuit to National Union, and National Union's claims administrator advised there was "no coverage…for the claims asserted against Texas Trailer." *See,* Ex. B at ¶¶11-14.  Therefore, despite the plaintiffs' crafty wording, it is apparent that only Texas Trailer incurred the defense costs sought from National Union.  Because WI Holdings, Inc. was not sued in the underlying lawsuit, it did not incur any defense costs, and therefore, it does not have standing to pursue any claims against National Union.

8. Texas state and federal law have substantially similar requirements for standing, and both require a plaintiff to seek redress for an actual injury. *See, e.g. Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440 (Tex. 1993) (noting similarities between Texas and federal law regarding standing requirements and requiring a plaintiff to sustain an actual injury to maintaining a lawsuit under Texas or federal law); *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (Article III standing requires that a plaintiff suffered injury to a legally protected interest that is actual or imminent and concrete and particularized; that is fairly traceable to the challenged action of the defendant; and that is redressable by the court); *Fontenot v. McCraw*, 797 F.3d 741 (5th Cir. [Tex.] 2015) (same).

9. WI Holdings did not sustain an actual injury because it was not sued and did not incur any defense costs. Therefore, WI Holdings lacks standing to assert its breach of contract claim against National Union for the alleged failure to defend Texas Trailer. *See Texas Ass'n of Business,* 852 S.W.2d 440; *Lujan,* 504 U.S. at 560; *Worldwide Asset Purchasing, LLC v. Rent-A-Center East, Inc.,* 290 S.W.3d 554 (Tex. App. – Dallas 2009, no pet.)(damage to the plaintiff is a required element of a breach of contract claim).

10. Because WI Holdings has no standing to pursue its breach of contract claim, it also lacks standing to assert the other derivative claims against National Union for declaratory relief (seeking a declaration that National Union owed Texas Trailer a duty to defend), and for bad faith (arising from National Union's alleged failure to defend Texas Trailer). *See Texas Ass'n of Business,* 852 S.W.2d 440 (the general test for standing under the Texas Declaratory Judgment Act is a real controversy between the parties which will be actually determined by the judicial declaration sought); *Progressive Cty. Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922 (Tex. 2005) (absent egregious behavior, and WI Holdings alleges none, Texas insurance law generally

conditions recovery for bad faith and extracontractual claims on a recovery for breach of the insurance contract itself).

11.     Therefore, having no actual injury, and thus no standing to pursue any of its claims against National Union, WI Holdings has no reasonable possibility of recovery. *See Clear Channel Communications*, 541 F.Supp.2d at 878.  Because WI Holdings cannot recover against National Union, it must be disregarded for diversity purposes as a fraudulently joined plaintiff, and complete diversity exists between the remaining parties.

12.     The plaintiffs' petition states the amount sought is in excess of $200,000, which exceeds the jurisdictional minimum.  Ex. B at ¶6.

13.     Under 28 U.S.C. §1441(a), venue of the removed action is proper in this court as the district and division embracing the place where the state action is pending.

14.     National Union, the removing party, will promptly give adverse parties written notice of the filing of this Notice of Removal as required by 28 U.S.C. §1446(d).  National Union will promptly file a copy of this Notice of Removal with the clerk of the 101st Judicial District Court in Dallas County, Texas, where the action is pending, also pursuant to 28 U.S.C. §1446(d).

WHEREFORE, defendant National Union Fire Insurance Company of Pittsburgh, Pa., pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. §1446 and Local Rule CV-81.1, removes the case styled *WI Holdings, Inc. d/b/a Weldship Corporation and Texas Trailer Corporation v. National Union Fire Insurance Company of Pittsburgh, Pa.*; Cause No. DC-15-06742, from the 101st Judicial District Court of Dallas County, Texas on July 24, 2015.

Respectfully submitted,

s/Ellen Van Meir
Ellen Van Meir
State Bar No. 00794164
evanmeir@thompsoncoe.com

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201-2832
(214) 871-8200
(214) 871-8209 - FAX

COUNSEL FOR DEFENDANT
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, Pa.

## CERTIFICATE OF SERVICE

This is to certify that on July 24, 2015, a true and correct copy of the foregoing was sent via electronic transmission to plaintiffs' counsel of record, Robert L. Sayles and Richard A. Sayles, SAYLES WERBNER, PC, 4400 Renaissance Tower, 1201 Elm Street, Dallas, Texas, 75270.

s/Ellen Van Meir
Ellen Van Meir