Case 3:15-cv-02453-B   Document 1-2   Filed 07/24/15   Page 1 of 10   PageID 9

FILED
DALLAS COUNTY
6/12/2015 3:02:09 PM
FELICIA PITRE
DISTRICT CLERK

Tonya Pointer

CAUSE NO. DC-15-06742 _____

| | | |
|---|---|---|
| WI HOLDINGS, INC. d/b/a WELDSHIP CORPORATION and TEXAS TRAILER CORPORATION, | § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| v. | § § | ___ JUDICIAL DISTRICT |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, | § § § § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

## PLAINTIFFS' ORIGNAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs WI Holdings, Inc. d/b/a Weldship Corporation ("Weldship") and Texas Trailer Corporation ("Texas Trailer") (collectively, the "Plaintiffs") respectfully file this Original Petition and Request for Disclosure against Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union"). In support of this Original Petition, Plaintiffs would respectfully show the Court the following:

### I. DISCOVERY CONTROL PLAN

1.   Plaintiffs intend that discovery be conducted under Level 3 of Rule 190.4 of the Texas Rules of Civil Procedure.

### II. PARTIES

2.   Plaintiff Weldship is a New Jersey corporation with its principal place of business at 225 West Second Street, Bethlehem, Pennsylvania 18015. As a result, Weldship is a citizen of Pennsylvania and New Jersey.

3.   Plaintiff Texas Trailer is a Texas corporation with its principal place of business at 1310 Highway 82, Gainesville, Texas 76240. As a result, Texas Trailer is a citizen of Texas.

4.      Defendant National Union is a Pennsylvania corporation with its principal place of business at 175 Water Street, 18th Floor, New York, New York 10038. As a result, National Union is a citizen of Pennsylvania and New York. National Union is an insurance company registered in Texas and may be served with citation through its registered agent, Corporation Service Company, 211 East 7th Street Suite 620, Austin TX 78701-3218. Service of process is requested at this time.

### III.    ASSUMED NAMES

5.      Pursuant to Rule 28 of the Texas Rules of Civil Procedure, Plaintiffs hereby bring suit against all partnerships, unincorporated associations, individuals, entities, and private corporations doing business under the assumed name of or including, but not limited to, the words: National Union Fire Insurance Company of Pittsburgh, PA.

### IV.    JURISDICTION

6.      This Court has subject matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements. Pursuant to TEX. R. CIV. P. 47, Plaintiffs gives notice that they seek damages and/or monetary relief over $200,000 but not more than $1,000,000 and further hereby demand judgment for all the other relief to which Plaintiffs are deemed entitled.

7.      This Court has personal jurisdiction over National Union because (1) it transacts business within the State of Texas, (2) it has continuous and systematic contacts with the State of Texas, (3) it purposefully avails itself to the laws of the State of Texas, and (4) a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Texas and involved National Union.

## V. VENUE

8. Venue is proper in Dallas County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claims occurred in Dallas County, Texas.

## VI. CONDITIONS PRECEDENT

9. Pursuant to TEX. R. CIV. P. 54, Plaintiffs plead that all conditions precedent to Plaintiffs' right to obtain the relief requested have been performed or have occurred.

## VII. FACTUAL BACKGROUND

**A. Plaintiffs Purchase Commercial General Liability Policy from National Union in November 2012.**

10. Plaintiffs purchased from National Union a commercial general liability policy with coverage beginning November 28, 2012, and retroactive to October 10, 2012. Commercial General Liability Policy No. 1929587 (the "Policy") issued to Plaintiffs by National Union included the following language:

> [National Union] will pay those sums that the insured becomes legally obligated to pay as damages because of..."property damage" to which this insurance applies. [National Union] will have the right and duty to defend the insured against any "suit" seeking those damages.

As defined in the Policy, "property damage" was defined as "physical injury to tangible property, including all resulting loss of us of that property." "Suit" was defined as "means of a civil proceeding in which damages because of..."property damages"...to which this insurance applies are alleged."

**B. EPMP and SandCan File Suit Against Texas Trailer in September 2013.**

11. On September 13, 2013, Texas Trailer was sued by EPMP, Ltd. ("EPMP") and SandCan, LLC ("SandCan") in Cooke County, Texas (the "Suit"). The Suit contained

allegations that Texas Trailer improperly tested a prototype SandCan container in late January 2013. Specifically, EPMP and SandCan alleged that the "testing was conducted by Texas Trailer," "the testing destroyed the container and resulted in a failed inspection," and "Texas Trailer was responsible for the testing." EPMP and SandCan also alleged that "the improper testing and destruction of the SandCan container also caused significant out-of-pocket costs and lost revenue." EPMP and SandCan asserted claims for breach of contract, negligence, negligent misrepresentation, and violations of the Texas Deceptive Trade Practices Act ("DTPA") against Texas Trailer in the Suit and sought damages for breach of contract, lost revenue and profits, actual damages, consequential damages, time and expenses incurred in going to the failed testing, DTPA damages, attorneys' fees and costs, and pre-judgment and post-judgment interest.

12. Plaintiffs engaged the law firm of Sayles Werbner, P.C. to defend against the claims in the Suit.

C. **Plaintiffs Notify National Union of the Claims in the Suit and National Union Denies Coverage of the Claims in October 2013.**

13. On October 4, 2013, Plaintiffs notified National Union of the claims in the Suit and requested that National Union provide a defense to the claims in the Suit.

14. On October 28, 2013, AIG Claims, Inc. ("AIG"), the claims administrator for National Union, sent correspondence to Plaintiffs notifying them that there was no coverage under the Policy for the claims asserted against Texas Trailer in the Suit.

D. **Texas Trailer Prevails at Trial Against EPMP and SandCan.**

15. On February 9, 2015, EPMP, SandCan, and Texas Trailer went to trial on the claims in the Suit.

16. On February 13, 2015, the Court submitted the allegations under the claims in the Suit to a jury, who rendered a verdict in favor of Texas Trailer on all of EPMP and SandCan's

allegations under the claims.

## VIII. CAUSES OF ACTION

**COUNT ONE**: **BREACH OF CONTRACT**

17. Plaintiffs re-allege and incorporate the facts and allegations set forth above as if they were fully set forth herein.

18. Plaintiffs entered into a contract, the Policy, with National Union whereby National Union agreed, *inter alia*, to provide a defense to claims as defined under the Policy, and in consideration thereof, Plaintiffs agreed to pay certain premiums as specified in the Policy. The contract between National Union and Plaintiffs is valid, binding, and enforceable in all respects. Plaintiffs have complied with all of their duties and obligations under the Policy.

19. To Plaintiffs' detriment, National Union breached its obligations under the Policy by failing to provide a defense to the claims, including all reasonable and necessary attorneys' fees, costs, and expenses incurred in defending against the claims in the Suit.

20. National Union's material breach of the Policy directly and proximately caused damages to Plaintiffs. Plaintiffs seek recovery herein of their damages from National Union, plus all reasonable and necessary attorneys' fees incurred in prosecution of this claim, pre-judgment and post-judgment interest at the highest lawful rates, and all taxable costs of court.

**COUNT TWO**: **BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

21. Plaintiffs re-allege and incorporate the facts and allegations set forth above as if they were fully set forth herein.

22. National Union owed Plaintiffs a duty of good faith and fair dealing, which required it to perform its duties under the Policy in a reasonable and timely manner and properly handle the claims. National Union breached the duty of good faith and fair dealing by denying

the Plaintiffs' claims. National Union knew or should have known that coverage of the claims was reasonably clear but still denied the claims. National Union's breach of the duty of good faith and fair dealing proximately caused Plaintiffs' damages.

23. National Union's actions described above were wanton, reckless, malicious, and/or intentional with regard to Plaintiffs' rights under the Policy. Additionally, National Union's conduct described herein was malicious, fraudulent, or grossly negligent. As a result of National Union's actions, Plaintiffs have suffered damages in an amount within the jurisdictional limits of the Court, for which they now sue.

### COUNT THREE: VIOLATIONS OF TEXAS INSURANCE CODE CHAPTER 542

24. Plaintiffs re-allege and incorporate the facts and allegations set forth above as if they were fully set forth herein.

25. Plaintiffs have standing to sue under Chapter 542 of the Texas Insurance Code, and National Union is a person who can be sued under Chapter 542 of the Texas Insurance Code. Plaintiffs gave proper notice to National Union of the claims in the Suit and National Union is liable for the claims in the Suit. As a result of National Union's failure to promptly pay the claim, accept the claim, reject the claim, or timely request the items it knew or should have known it would need to adjust the claim under Sections 542.055, 542.056, 542.057, and 542.058 of the Texas Insurance Code, National Union has violated Section 542.060 of the Texas Insurance Code, for which Plaintiffs sue for damages consisting of eighteen percent (18%) per annum of the amount of the claim for the applicable period. The remedies provided therein are in addition to any and all other remedies or procedures provided by another law or common law.

PLAINTIFFS' ORIGNAL PETITION AND REQUEST FOR DISCLOSURE                                Page 6
159657-v5

Exhibit B

**COUNT FOUR: DECLARATORY JUDGMENT**

26. Plaintiffs re-allege and incorporate the facts and allegations set forth above as if they were fully set forth herein.

27. Plaintiffs seeks a declaration under the Texas Declaratory Judgment Act, Texas Civil Practice & Remedies Code §§ 37.001 *et seq.*, of the rights, status, and other legal relations between the parties. A real and substantial justiciable controversy exists concerning a genuine conflict of the rights and status of Plaintiffs and National Union. In this regard, Plaintiffs seek a declaration from this Court that the claims asserted by EPMP and SandCan in the Suit are covered under the Policy.

**COUNT FIVE: ATTORNEYS' FEES**

28. Plaintiffs re-allege and incorporate the facts and allegations set forth above as if they were fully set forth herein.

29. As a result of National Union's conduct, as described herein, Plaintiffs have retained the law firm of Sayles Werbner, P.C., to prosecute this action on their behalf and have agreed to pay the firms' reasonable and necessary attorneys' fees. Plaintiffs are entitled to recover their reasonable attorneys' fees and costs for their breach of contract, declaratory judgment, and Chapter 542 claims pursuant to Chapters 37 and 38 of Texas Civil Practices and Remedies Code and Chapter 542 of the Texas Insurance Code.

**COUNT SIX: EXEMPLARY DAMAGES**

30. Plaintiffs re-allege and incorporate the facts and allegations set forth above as if they were fully set forth herein.

31. Plaintiffs seek exemplary damages against National Union, because its wrongful conduct was undertaken with a state of mind that justifies the imposition of exemplary damages.

Plaintiffs seek such damages not only to punish National Union for its outrageous conduct, but also to deter other insurers from engaging in the same or similar conduct.

## IX.     REQUEST FOR RULE 194.2 DISCLOSURE

32.     Pursuant to Tex. R. Civ. P. 194.2, National Union is hereby requested to disclose, within fifty (50) days of service of this request, the information or material described in that rule.

## X.     PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs WI Holdings, Inc. d/b/a Weldship Corporation and Texas Trailer Corporation respectfully pray that Defendant National Union Fire Insurance Company of Pittsburgh, PA be cited to appear and answer and that, on final trial, the Court render a judgment against National Union containing the following:

1. An award of all damages, whether actual or consequential, to which Plaintiffs are entitled;

2. A declaration that the claims asserted by EPMP and SandCan in the Suit are covered under the Policy.

3. An award of exemplary damages against National Union;

4. An award of all reasonable and necessary attorneys' fees and costs;

5. An award of pre-judgment and post-judgment interest at the maximum rates permitted by law;

6. An award of all costs of court; and

7. Such other and further relief to which it may show itself to be justly entitled.

Respectfully submitted,

By: /s/ Robert L. Sayles
**ROBERT L. SAYLES**
Texas Bar No. 24049857
rsayles@swtriallaw.com
**RICHARD A. SAYLES**
Texas Bar No. 17697500
dsayles@swtriallaw.com

**SAYLES | WERBNER**
*A Professional Corporation*
4400 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
(214) 939-8700
(214) 939-8787 (Facsimile)

**ATTORNEYS FOR PLAINTIFFS**

STATE OF TEXAS }
COUNTY OF DALLAS }

I, FELICIA PITRE, Clerk of the District of Dallas County, Texas, do hereby certify that I have compared this Instrument to be a true and correct copy of the original as appears on record in my office.
GIVEN UNDER MY HAND AND SEAL of said Court, at office in Dallas, Texas, this 23rd day of July, A.D., 2015.

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS
By _____ Deputy

Exhibit B